# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LAWRENCE W. REESE | : | |
| Plaintiff, | : | Civ. No. 25-00741 (JKS) |
| v. | : | **MEMORANDUM AND ORDER** |
| WARDEN, | : | |
| Defendants. | : | |

*Pro se* plaintiff Lawrence W. Reese ("Plaintiff"), a detainee at FCI Fort Dix ("FCI"), seeks to commence a habeas petition pursuant to 28 U.S.C. § 2241 (ECF No. 1).

Petitioner, however, has not paid the $5.00 filing fee for a habeas petition required by 28 U.S.C. § 1914(a), nor has Petitioner alternatively submitted a properly completed application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915(a), which provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

United States District Court, District of New Jersey Local Civil Rule 54.3(a) states:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render

any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

Here, Plaintiff has not paid the filing fee nor applied to proceed *in forma pauperis* ("IFP") (ECF No. 1). Accordingly, the Court will administratively terminate the complaint without prejudice. If Plaintiff pays the necessary filling fees or provides the Court with a completed IFP application, including certified account statements covering the six-month period prior to the date he filed his petition, he may request that his case be reopened.

Accordingly, IT IS on this **13th** day of February 2025,

**ORDERED** that the Clerk of the Court shall **administratively terminate** this matter for nonpayment of the filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, and an IFP application, "Affidavit of Poverty and Account Certification (Habeas Corpus)" upon Petitioner by regular U.S. mail.

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut

Street Room 4015, Newark, NJ 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed IFP application, including a legible certified six-month prison account statement, or (2) the $5 fee; and it is finally

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case.

_____
**HON. JAMEL K. SEMPER**
United States District Judge